REMY KESSLER (SBN 123165)
rkessler@constangy.com
AYAN K. JACOBS (SBN 329934)
ajacobs@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone:  310-909-7775
Facsimile:  424-465-6630

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MELLON, as an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> UNIVERSAL CITY STUDIOS LLC, a Delaware limited liability company; NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 22-CV-395 <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1367, 1441 AND 1446** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF JAMES MELLON AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Universal City Studios LLC ("Defendant") hereby removes this putative class action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

Removal is proper because this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, as it is an action arising under federal law. Specifically, as set forth in more detail below, this action is preempted by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 *et seq.*, because it is based on rights created by and/or requires interpretation of a collective bargaining agreement, which governed the terms and conditions of Plaintiff's employment with Defendant. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (c).

The following is a short and plain statement of the grounds for removal pursuant to 28 U.S.C. § 1446(a).

## PROCEDURAL BACKGROUND

1. This case arises from Plaintiff James Mellon's ("Plaintiff") employment with Defendant. On April 25, 2022, Plaintiff commenced the above-entitled civil action in the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV13797 (the "State Court Action"). *See* Declaration of Remy Kessler ("Kessler Decl."), ¶ 2, Ex. A. Plaintiff alleges that he was employed by Defendant "from approximately June 13, 2021 through approximately July 24, 2021" as a "Retail Clerk/Carnival" at Defendant's amusement park in Universal City, California (aka Universal Studios Hollywood). Kessler Decl., ¶ 2; Ex. A, ¶ 9.

2. Plaintiff's Complaint ("Complaint") seeks damages and restitution on behalf of himself and all similarly-situated non-exempt employees employed by Defendant from April 25, 2018 through the present. Kessler Decl., ¶ 2; Ex. A, ¶¶ 3-4,

14-21. Plaintiff asserts various wage and hour claims premised upon alleged violations of the California Labor Code and California Business and Professions Code. More specifically, Plaintiff alleges that Defendant failed to pay him and other putative class members all minimum wages owed for compensable work time going through "security check," and, in turn, failed to provide them with accurate itemized wage statements and failed to timely pay them all wages owed upon termination of employment. Kessler Decl., ¶ 2; Ex. A, ¶¶ 9-11, 23-36.

3. On May 25, 2022, the Los Angeles County Superior Court dismissed all claims and allegations against Defendant NBCUniversal Media, LLC, without prejudice, upon Plaintiff's request, and specified that Defendant is the only remaining defendant in this action. Kessler Decl., ¶¶ 5-6; Exs. D and E.

4. Plaintiff's Complaint implicates federal law because the terms and conditions of Plaintiff's employment were subject to a collective bargaining agreement between Defendant and the Amusement Area Employees Union, Local B-192, a member if I.A.T.S.E. and M.P.T.A. & A.C. of U.S., its Territories, and Canada (the "Union") dated January 16, 2019, and that was effective from January 16, 2019 through January 31, 2022 (the "CBA"). A true and correct copy of the CBA is attached as Exhibit 1 to the accompanying Declaration of Diva Kaminsky ("Kaminsky Decl."), ¶ 3. During his employment with Defendant, Plaintiff was a member of the Union. *Id.*

## TIMELINESS OF REMOVAL

5. On May 10, 2022, along with the Complaint (Ex. A), Defendant was first served in the State Court Action with a (a) Summons, (b) Civil Case Cover Sheet, (c) Civil Case Cover Sheet Addendum and Statement of Location, (d) Voluntary Efficient Litigation Stipulations, (e) Stipulation-Early Organizational Meeting, (f) Stipulation-Discovery Resolution, (g) Informal Discovery Conference, (h) Stipulation and Order-Motions in Limine, (i) Order Pursuant to CCP 1054(a) Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation, (j) First Amended General Order, (k) Alternative Dispute Resolution (ADR) Information

Package, (l) Plaintiff's Notice of Posting Jury Fees, and (m) Notice of Case Assignment Unlimited Civil Case.  Kessler Decl., ¶ 3, Ex. B.)

6. This was the first time any defendant was served with the Summons and Complaint in the State Court Action.  Kessler Decl., ¶ 3.

7. On May 16, 2022, Defendant was served in the State Court Action with an Initial Status Conference Order, Court Order Regarding Newly Filed Class Action and Proof of Service of same.  Kessler Decl., ¶ 4; Ex. C.

8. The documents attached as Exhibits A-E to the Kessler Declaration constitute all of the process, pleadings, and orders served on Defendant in the State Court Action to date.  Kessler Decl., ¶ 7.

9. Defendants "DOES 1 to 50, inclusive," as alleged in the Complaint, have not been identified, nor is there any record of service of any documents associated with the State Court Action on the Doe Defendants.

10. This removal is timely filed, as required by 28 U.S.C. § 1446(b), because it is being accomplished within 30 days of the date of first service of the Summons and Complaint in the State Court Action on any defendant named in the Complaint.  Kessler Decl., ¶ 3.

## FEDERAL QUESTION JURISDICTION

11. This Court has original jurisdiction of this action under 28 U.S.C. § 1331 and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a) because it presents/raises a federal question.

12. In particular, federal question jurisdiction arises out of Plaintiff's claims, which require interpretation of the CBA and thus are completely preempted by federal law under the LMRA.  29 U.S.C. § 185; *Firestone v. S. Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).  Section 301 of the LMRA provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without

> respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). To ensure uniform interpretations of collective bargaining agreements, federal common law preempts the use of state contract law in the interpretation and enforcement of collective bargaining agreements. *See Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 411 (1988).

13. Further, all state law claims alleged by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301 of the LMRA. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985); *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) (concluding "[t]he preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . any state claim whose outcome depends on analysis of the terms of the agreement."); *see also Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

14. Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a collective bargaining agreement. *Firestone*, 219 F.3d at 1066-67. This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law cause of action. *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA."). Thus, any suit "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law."); *Franco v. E-3 Sys.*, No. 19-cv-01453-HSG, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (rejecting plaintiff's arguments

based entirely on case decided before *Curtis* and extending federal question jurisdiction to plaintiff's PAGA claim); *Landy v. Pettigrew Crewing, Inc.*, No. 2:19-cv-07474-RGK-AFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (finding LMRA preemption regarding plaintiff's Labor Code § 204 claim and extending supplemental jurisdiction for plaintiff's other wage and hour claims because they form the same case and controversy).

### A. Plaintiff And All Alleged Putative Class Members Similarly Situated To Plaintiff Are And Were Covered By The CBA.

15.  Plaintiff was employed by Defendant from on or about June 6, 2021 until on or about July 24, 2021.  Kessler Decl., ¶ 2; Ex. A, ¶ 9; Kaminsky Decl., ¶ 3.  The CBA was in effect for this entire period of Plaintiff's employment.  Kaminsky Decl., ¶ 3.  Thus, the terms and conditions of Plaintiff's employment were at all relevant times subject to and governed by the CBA between Defendant and the Union.  *Id.*

16.  The Union is a labor organization within the meaning of Section 2(5) of the NLRA and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

17.  Defendant is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2).

18.  Article 3 of the CBA specifically states that the Union is the sole bargaining representative for covered employees for the purposes of collective bargaining.  The CBA establishes, among other things, rates of pay, hours of work, and other terms and conditions of employment for covered employees of Defendant.  Kaminsky Decl., ¶ 3; Ex. 1.

///
///
///
///
///
///

**B.    Plaintiff's Claims Are Preempted By The LMRA Because They Exist As A Result Of The CBA And/Or Require Interpretation Of The CBA.**

**1.    Plaintiff's failure to reference the CBA or Section 301 of the LMRA in his Complaint does not preclude removal.**

19.    The Complaint omits the fact that Plaintiff was a member of the Union, and that his employment was governed by and subject to the terms of the CBA while he was employed by Defendant. However, a plaintiff is not permitted to "artfully plead" to conceal the true nature of his complaint. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though the operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), *overruled in part* on other grounds by *Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241 (9th Cir. 2009). Thus, the fact that Plaintiff has not made specific reference to Section 301 or the CBA in his Complaint does not preclude removal. *See Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Financial Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

20.    An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the

scope of the federal cause of action necessarily 'arises' under federal law."). To determine whether a claim alleging violations of state law is preempted by Section 301(a) of the LMRA, the Ninth Circuit employs a two-step test. *Curtis*, 913 F.3d at 1152. First, the Court must determine "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA.'" *Id*. (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)). Under this test, a claim is preempted if it seeks "purely to vindicate a right or duty created by the CBA itself." *Schurke*, 898 F.3d at 921. If so, "the claim is preempted, and [the] analysis ends there." *Burnside v. Kietwit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If not, the courts then consider whether a plaintiff's state law claim is substantially dependent on an analysis of the CBA. *Curtis*, 913 F.3d at 1153. If state law claims are dependent on the interpretation of the CBA, they are preempted by Section 301. *Franco*, 2019 WL 6358947, at *2 (citing *Burnside*, 491 F.3d at 159-60).

21. As applied, Section 301(a) of LMRA wholly preempts any and all purported state law causes of action by an employee concerning a dispute over the terms and conditions of his employment, if the causes of action are "based directly on rights created by a collective bargaining agreement" or require the "interpretation of a collective bargaining agreement." *See, e.g.*, *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. Cal. 2000); *Young*, 830 F.2d at 997-98. As discussed below, Plaintiff's allegations that Defendants violated the California Labor Code and California Business and Professions Code involve rights that "exist[ ] solely as a result of the CBA" and/or are "inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chambers*, 471 U.S. at 213.

### 2. Plaintiff's claims cannot be resolved without interpreting the CBA.

22. The applicable CBA governs, among other things, covered Union members' hours of work and compensation for hours worked. Kaminsky Decl., ¶3; *see e.g.,* Ex. 1, Articles 25, 27, and 50. A resolution of Plaintiff's claims would require the

Court to interpret, at a minimum, Article 27(g) of the CBA.  Therefore, Plaintiff's claims are preempted by federal law.

23. Specifically, Plaintiff alleges that he "was not paid for all compensable work time during which he was under the direction or control of Defendants." Kessler Decl., ¶ 2; Ex. A, ¶ 11.  Plaintiff further alleges that after he arrived for work at the amusement park, he "would be required to go through two security checks …before being able to clock in for his shift."  *Id*.  Moreover, Plaintiff alleges that "[t]hese activities, which took anywhere from 5-7 minutes per shift, were all off-the-clock and unpaid despite being required by Defendants." *Id*.  In turn, Plaintiff contends that "[t]his practice by Defendants resulted in Defendants not properly tracking the time worked by Plaintiff, and also resulted in Defendants not paying Plaintiff for all wages owed for the work he performed, including failing to pay him all required minimum wages." *Id*.

24. Based on these allegations, Plaintiff asserts in his first purported cause of action that Defendant failed to pay him and other putative class members minimum wages for the time spent going through security checks.  The second, third and fourth purported causes of action are merely derivative of the first purported cause of action.  Because they are entirely premised on Plaintiff successfully establishing his first claim, they cannot be maintained if the first cause of action cannot be maintained.

25. Article 27(g) of the CBA expressly provides, in pertinent part, as follows:

> "All employees shall be subject to the following walking and changing times:
>
> (i) Employees assigned to the 5511 Building shall receive twelve (12) minutes walking/changing time at the end of their shift.
>
> (ii) Employees assigned to the Upper Lot shall receive twenty-four (24) minutes of walking/changing time at their end of their shift.

>(iii) Employees assigned to the Lower Lot (Studio Center) or the Retail Warehouse shall receive thirty-six (36) minutes of walking/changing time at the end of their shift.
>
>(iv) Employee who are permitted to take their uniforms home or who are not issued uniforms shall receive twelve (12) minutes walking/changing time at the end of their shift."

Kaminsky Decl., ¶ 3, Ex. 1.

26. Article 27(g) further provides:

>**"The walking/changing time paid each working day is to compensate employees for any time the employee may be subject to the control of the Employer but not actually performing his or her duties**, such as, <u>but not limited to</u>, walking to and from wardrobe to work stations and changing into and out of uniforms. Such walking/changing time shall count toward the employee's minimum call.
>
>**The Union acknowledges that it has bargained in good faith with the Employer concerning the amount of additional time members are subject to the control of the Employer, and further acknowledges that the paid pursuant to the Agreement equals or exceeds such time."**

*Id*. (emphasis added.)  In this case, Defendant contends that Article 27(g) of the CBA should be interpreted to mean that Union members should have been compensated for the time they spent going through security checks and they were in fact properly compensated pursuant to Article 27(g), notwithstanding the allegations in Paragraph 11 of the Complaint.  Along that line, Article 27(g) states that "[t]he walking/changing time paid each working day is to compensate employees for *any time* the employee may be subject to the *control of the Employer* but not actually performing his or her duties…." (emph. added.)   Whether the Article 27(g) compensation for walking/changing time covers the time spent by employees going through security checks would require this Court to interpret Article 27(g) in order to resolve Plaintiff's state law claims.  Indeed, this Court would be required to determine whether Defendant

and the Union intended the specified additional walking/changing time to cover the time employees spent going through security checks.  A resolution of Plaintiff's claims would not require the Court to merely consult or refer to the CBA.  On the contrary, the Court would be required to apply a fact-sensitive analysis to determine whether the additional compensation bargained for in the walking/changing time provision of the CBA, namely Article 27(g), encompasses the time employees spent passing through security – a question reserved for federal courts under the LMRA.  *Adames v. Exec. Airlines, Inc.*, 258 F.3d 7, 16 (1st Cir. 2001) (finding claims for uncompensated work time preempted when interpretation of a collective bargaining agreement was necessary to determine whether a claim's "factual predicates" give rise to liability).

27.  Accordingly, a resolution of all of Plaintiff's claims is substantially dependent upon the interpretation of the CBA.  Accordingly, Plaintiff's claims arise under Section 301 of the LMRA and are preempted by federal law.  Removal to federal court is warranted.

## **SUPPLEMENTAL JURISDICTION**

28.  Even if the second, third and/or fourth causes of action of the Complaint are not preempted by the LMRA for the same reasons as the first cause of action is preempted, this Court has supplemental jurisdiction over the second, third and fourth causes of action pursuant to 28 U.S.C. § 1367 because they are derivative of the first cause of action and emanate from the same employment relationship between Plaintiff and Defendant that is the subject of the federal question jurisdiction.  Specifically, Plaintiff's second and third claims for failure to provide accurate itemized wage statements and failure timely pay all wages owed upon termination of employment are premised strictly on the first purported cause of action that Defendant failed to pay all minimum wages owed when employees went through security checks.  Similarly, the fourth purported cause of action is entirely derivative of the first, second and third causes of action.  Indeed, the unfair competition law upon which the fourth cause of action is predicated does not proscribe any particular conduct.  Rather, it borrows from

other laws by making them independently actionable as unfair competitive practices. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003).

29. As a result, the second, third and fourth purported causes of action emanate from and form part of the same "case or controversy" as the first cause of action, such that they should all be tried, along with the first cause of action, in one action. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Accordingly, pursuant to 28 U.S.C. § 1441, Defendant is entitled to remove all of Plaintiff's claims to this Court. *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014) (finding plaintiff's remaining state law claims for relief to be within the court's supplemental under 28 U.S.C. § 1367(a) where they were so related to the meal period claims preempted by Section 301 that they formed part of the same case or controversy); *Buck v. Cemex, Inc.*, No. 1:13-cv-00701-LJO-MJS, 2013 WL 4648579, at *6 (E.D. Cal. Aug. 29, 2013) (where terms of CBA would control Labor Code issue, "the issue would be subject to this Court's jurisdiction under LMRA § 301 and the other issues raised by the Complaint would come within the supplemental jurisdiction of this Court even if only tangentially involved with the CBA"); *McBain v. Behr Paint Corp.*, No. 16-CV-07036-MEJ, 2017 WL 1208074, at *7 (N.D. Cal. Apr. 3, 2017) (exercising supplemental jurisdiction over derivative Labor Code and unfair competition claims).

## **VENUE**

30. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes Los Angeles County, California, where the State Court Action was brought and was pending at the time of removal.

31. Defendant shall serve written notice of the filing of this Notice of Removal on Plaintiff as required by 28 U.S.C. § 1446(d) and shall file a Notice of Removal with the clerk of the Superior Court of California, County of Los Angeles, as further required by that statute.

///

## CONCLUSION

For the foregoing reasons, Defendant respectfully submits that the State Court Action is removeable to this Court from the Superior Court of the State of California, County of Los Angeles.

Dated: June 9, 2022

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

By: /s/ *Remy Kessler*
Remy Kessler
Ayan K. Jacobs
Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC