**LIDMAN LAW, APC**
Scott M. Lidman (SBN 199433)
slidman@lidmanlaw.com
Elizabeth Nguyen (SBN 238571)
enguyen@lidmanlaw.com
Milan Moore (SBN 308095)
mmoore@lidmanlaw.com
2155 Campus Drive, Suite 150
El Segundo, California 90245
Tel: (424) 322-4772
Fax: (424) 322-4775

**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff JAMES MELLON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MELLON, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL CITY STUDIOS LLC, a Delaware limited liability company; NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:22-cv-03950-DSF-AGRx<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>**(1) FAILURE TO PAY ALL MINIMUM WAGES OWED (LABOR CODE §§ 1194, 1194.2, 1197);**<br><br>**(2) FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS (LABOR CODE § 226** *et seq.***);**<br><br>**(3) FAILURE TO TIMELY PAY ALL WAGES UPON TERMINATION (LABOR CODE §§ 201-203);**<br><br>**(4) UNFAIR COMPETITION (BUS & PROF CODE § 17200** *et seq.***); and**<br><br>**(5) CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACTION OF 2004 (LABOR CODE § 2698** *et seq.***)**<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED CIVIL CASE** |

Plaintiff James Mellon ("Plaintiff"), on behalf of himself and all others similarly situated, hereby brings this First Amended Class and Representative Action Complaint ("FAC") against Universal City Studios LLC, a Delaware limited liability company, and DOES 1 to 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1. Plaintiff, on behalf of himself and all others similarly situated, hereby brings this FAC for recovery of unpaid wages and penalties under California Business and Professions Code § 17200 *et. seq.*, Labor Code §§ 201-203, 226 *et seq.*, 1194, 1194.2, 1197, 2698 *et seq.*, and Industrial Welfare Commission Wage Order 10 (the "Wage Order 10"), in addition to seeking declaratory relief and restitution. This FAC is brought pursuant to California Code of Civil Procedure § 382. Plaintiff filed the Complaint in Los Angeles Superior Court on April 25, 2022. On June 9, 2022, Defendants filed a Notice of Removal of this Civil Action to Federal Court based on preemption by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 *et seq.*, because Defendants contend that the action is based on rights created by and/or requires interpretation of a collective bargaining agreement which governed the terms and conditions of Plaintiff's employment with Defendants, and which Defendants contend constitutes grounds for removal of the action pursuant to 28 U.S.C. § 1446(a).

## VENUE

2. Venue is proper in this judicial district pursuant to Cal. Code of Civ. Proc. §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in the County of Los Angeles. Defendants own, maintain offices, transact business, have agent(s) within the County of Los Angeles, and/or otherwise are found within the County of Los Angeles, and Defendants are within the jurisdiction of this Court for purposes of service of process. Plaintiff filed the Complaint in Los Angeles Superior Court on April 25, 2022. On June 9, 2022, Defendants filed a Notice of Removal of this Civil Action to Federal Court based on preemption by Section 301 of the Labor Management Relations

Act of 1947 ("LMRA"), 29 U.S.C. § 141 *et seq.*, because Defendants contend that the action is based on rights created by and/or requires interpretation of a collective bargaining agreement which governed the terms and conditions of Plaintiff's employment with Defendants, and which Defendants contend constitutes grounds for removal of the action pursuant to 28 U.S.C. § 1446(a).

## PARTIES

3. Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was a California resident. During the four years immediately preceding the filing of the lawsuit in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by Labor Code §§ 201-203, 226 *et seq.*, 1194, 1194.2, 1197, 2698 *et seq.*, and California Business and Professions Code § 17200 *et seq.* ("Unfair Competition Law" or "UCL"); and Wage Order 10, which sets employment standards for the Amusement and Recreation Industry, which includes the industry in which Plaintiff worked for Defendants.

4. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the lawsuit and continuing to the present, Defendants did (and continue to do) business as an amusement park. Defendants employed Plaintiff and other, similarly-situated non-exempt employees within Los Angeles County and the state of California and, therefore, were (and are) doing business in Los Angeles County and the State of California.

5. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 100, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this FAC when such true names and capacities are discovered. Plaintiff is informed, and believes, and based thereon alleges, that each of

said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined in Paragraph 14) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

6. Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes.

7. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff, a former non-exempt employee, was employed by Defendants from approximately June 13, 2021 through approximately July 24, 2021. During his employment with Defendants, Plaintiff held the job title of a Retail Clerk/Carnival and worked at a different game each day in Defendants' amusement park in Universal City, California.

10. During his employment with Defendants, Plaintiff was generally scheduled to work from either 11:00 a.m. to 8:00 p.m. or 2:00 p.m. to 10:00 p.m. five days a week.

11. During his employment with Defendants, Plaintiff was not paid for all

compensable work time during which he was under the direction and control of Defendants. Specifically, Plaintiff would be required to arrive at the amusement park and after he arrived for work, would be required to go through two security checks. The first security check was a metal detector followed by a security bag check. Plaintiff had to complete both security checks before being able to clock in for his shift. These activities, which took anywhere from 5-7 minutes per shift, were all off-the-clock and unpaid despite them being required by Defendants. This practice by Defendants resulted in Defendants not properly tracking the time worked by Plaintiff, and also resulted in Defendants not paying Plaintiff for all wages owed for the work he performed, including failing to pay him all required minimum wages.

12. As a result of Defendants' failure to pay all minimum wages, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiff.

13. As a further result, Defendants failed to pay Plaintiff all of his owed wages upon termination of his employment with Defendants.

## CLASS ACTION ALLEGATIONS

14. **Class Definitions**: Plaintiff brings this action on behalf of himself and the following Classes pursuant to § 382 of the Code of Civil Procedure and/or Rule 23 of the Federal Rules of Civil Procedure:

   a. The <u>Minimum Wage Class:</u> consists of all of Defendants' current and former non-exempt employees in California who were subject to Defendants' timekeeping policies/practices, during the four years preceding the filing of the lawsuit through the present.

   b. The <u>Wage Statement Class</u> consists of all members of the Minimum Wage Class during the one year immediately preceding the filing of the lawsuit through the present.

   c. The <u>Waiting Time Penalty Class</u> consists of Defendants' formerly employed members of the Minimum Wage Class, during the three years immediately preceding the filing of the lawsuit through the present.

      d.      The <u>UCL Class</u> consists of members of the: (i) Minimum Wage Class; (ii) Wage Statement Class; and (iii) Waiting Time Penalty Class.

15.      Plaintiff reserves the right under Rule 3.765(b) of the California Rules of Court, to amend or modify the description of the various classes with greater specificity or further division into subclasses or limitation to particular issues.

16.      **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the members of the Classes number greater than one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

17.      **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members. Those common questions include, without limitation:

      i.      Whether Defendants' timekeeping policies and/or practices resulted in the failure to properly compensate members of the Minimum Wage Classes for all hours actually worked;

      ii.      Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226;

      iii.      Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of their separation of employment were lawful; and

      iv.      Whether Defendants engaged in unlawful, unfair, illegal, and/or deceptive business practices by and through the wage and hour policies and practices described above, and whether as a result Defendants owe the classes restitution.

18.      **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The

common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform timekeeping and minimum wage payment. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

19. **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitations period applicable to each cause of action pled in the lawsuit. As alleged herein, Plaintiff, like the members of the Classes, was not provided all legally required minimum wages, was not provided with accurate, itemized wage statements, and was not paid all of his wages upon termination of his employment with Defendants.

20. **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

21. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily

gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 14 are maintainable as a Class under § 382 of the Code of Civil Procedure and/or Rule 23 of the Federal Rules of Civil Procedure.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL MINIMUM WAGES OWED

### (AGAINST ALL DEFENDANTS)

22. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

23. This cause of action is brought pursuant to Labor Code §§ 204, 558, 1194, 1197 and 1198 which provide that all non-exempt employees are entitled to all minimum wages for all hours worked, and provide a private right of action for the failure to pay all minimum wage compensation for all work performed.

24. At all times relevant herein, Defendants were required to properly compensate Plaintiff and the members of the Minimum Wage Class for all hours worked

pursuant to California Labor Code §§ 1194, 1197 and 1198, and the Wage Order 10. The Wage Order 10, Section 4 requires an employer to pay to every employee on the established payday for the period involved not less than the applicable minimum wage for all hours worked in the payroll period. Defendants caused Plaintiff and the members of the Minimum Wage Class to work hours in a workweek but did not properly compensate Plaintiff and the members of the Minimum Wage Class at least minimum wages for such hours.

25. At all times relevant herein, Defendants lacked good faith and had no reasonable grounds for believing that their practices in failing to pay all minimum wages owed at the applicable rate was not a violation of any provision of the Labor Code relating to minimum wage, or an order of the Industrial Welfare Commission. Defendants therefore, in addition to owing minimum wages to Plaintiff and the members of the Minimum Wage Class, also owe liquidated damages in an amount equal to the wages unlawfully unpaid, and interest thereon, pursuant to Labor Code § 1194.2.

26. The foregoing practices and policies are unlawful and create entitlement to recovery by Plaintiff and the members of the Minimum Wage Class in a civil action for the unpaid amount of minimum wages owing, including interest thereon, as well as statutory penalties, liquidated damages, civil penalties, and attorneys' fees and costs of suit, pursuant to Labor Code §§ 204, 218.5, 218.6, 558, 1194, 1194.2, 1197, 1197.1 and 1198, the Wage Order 1, California Code of Civil Procedure § 1021.5 California Code of Civil Procedure § 1021.5, and Civil Code §§ 3287(b) and 3289.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS
### (AGAINST ALL DEFENDANTS)

27. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with complete and accurate wage

statements with respect to their rates of pay, hours worked at each rate of pay, total gross wages earned, and total net wages earned in violation of Labor Code § 226 *et seq*.

29. Defendants' failures in furnishing Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all earned minimum wages and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

30. Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226 *et seq.*, including statutory penalties, civil penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226 *et seq*.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES UPON TERMINATION
## (AGAINST ALL DEFENDANTS)

31. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

32. This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of their intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timely pay Plaintiff and members of the Waiting Time Penalty Class all final wages due to them at their separation from employment, including, minimum wages.

34. Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiff and members of the Waiting Time Penalty Class all earned wages at the end of employment

in a timely manner pursuant to the requirements of Labor Code §§ 201-203.

35. Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203. Defendants' willful failure to timely pay Plaintiff and the members of the Waiting Time Penalty Class their earned wages upon separation from employment results in a continued payment of wages up to thirty days from the time the wages were due.

36. Therefore, Plaintiff and members of the Waiting Time Penalty Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

37. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

38. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to properly pay all minimum wages.

39. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

40. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

41. The acts complained of herein occurred within the last four years

1  immediately preceding the filing of the lawsuit in this action.

2      42.    Plaintiff was compelled to retain the services of counsel to file this court
3  action to protect his interests and those of the Classes, to obtain restitution and injunctive
4  relief on behalf of Defendants' current non-exempt employees, and to enforce important
5  rights affecting the public interest. Plaintiff has thereby incurred the financial burden of
6  attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure §
7  1021.5.

## FIFTH CAUSE OF ACTION
## LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004
## (AGAINST ALL DEFENDANTS)

11      43.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

12      44.    Defendants have committed several Labor Code violations against Plaintiff
13  and other aggrieved employees. Plaintiff, an "aggrieved employee" within the meaning of
14  Labor Code § 2698 *et seq.*, acting on behalf of himself and other aggrieved employees,
15  brings this representative action against Defendants to recover the civil penalties due to
16  Plaintiff, the other aggrieved employees, and the State of California according to proof
17  pursuant to Labor Code § 558 and § 2699 (a) and (f) including, but not limited to: (1)
18  $100.00 for each initial violation for each failure to pay each employee and $200.00 for
19  each subsequent violation or willful or intentional violation pursuant to Labor Code § 210
20  for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2)
21  $250.00 for each initial violation and $1,000.00 for each subsequent violation pursuant to
22  Labor Code § 226.3 per employee per pay period; (3) $50.00 for each initial violation and
23  $100.00 for each subsequent violation pursuant to Labor Code § 558 per employee per pay
24  period; and/or (4) $100.00 for each initial violation and $200.00 for each subsequent
25  violation per employee per pay period for those violations of the Labor Code for which no
26  civil penalty is specifically provided, based on the following Labor Code violations:

a) Defendants violated Labor Code §§ 1194, 1194.2, and 1197 by failing to pay Plaintiff and other aggrieved employees the statutory minimum wage for all hours worked;

b) Defendants violated Labor Code § 226 by failing to furnish Plaintiff and other aggrieved employees with accurate and compliant itemized wage statements;

c) Defendants violated Labor Code §§ 201, 202 and 203 by failing to timely pay all final wages due to Plaintiff and other aggrieved employees;

d) Defendants violated Labor Code § 204 by failing to pay Plaintiff and other aggrieved employees all earned wages at least twice during each calendar month; and

e) Defendants violated Labor Code § 1174 by failing to maintain accurate records on behalf of Plaintiff and other aggrieved employees.

45. On April 26, 2022, Plaintiff notified Defendants via certified mail, and the California Labor and Workforce Development Agency ("LWDA") via e-mail, of Defendants' violations of the California Labor Code and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698 et seq. with respect to violations of the California Labor Code identified in Paragraph 44 (a)-(e). Attached hereto as **Exhibit A** is a true and correct copy of the April 26, 2022 correspondence. Now that sixty-five days have passed from Plaintiff notifying Defendants of these violations, Plaintiff has exhausted his administrative requirements for bringing a claim under the Labor Code Private Attorneys General Act with respect to these violations.

46. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and the interests of other aggrieved employees, and to assess and collect the civil penalties owed by Defendants. Plaintiff has thereby incurred attorneys' fees and costs, which he is entitled to receive under California Labor Code § 2699.

//

# PRAYER

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as representative of the Classes;

3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4. Upon the First Cause of Action, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 1194, 1194.2 and 1197;

5. Upon the Second Cause of Action, for statutory wage statement penalties pursuant to Labor Code § 226 *et seq*.;

6. Upon the Third Cause of Action, for statutory waiting time penalties pursuant to Labor Code § 203;

7. Upon the Fourth Cause of Action, for restitution to Plaintiff and members of the Class of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq*.;

8. Upon the Fifth Cause of Action, for civil penalties due to Plaintiff, other aggrieved employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200.00 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $250.00 for each initial violation and $1,000.00 for each subsequent violation pursuant to Labor Code § 226.3 per employee per pay period; (3) $50.00 for each initial violation and $100.00 for each subsequent violation pursuant to Labor Code § 558 per employee per pay period; and/or (4) $100.00 for each initial violation and $200.00 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty

is specifically provided, based on the Labor Code violations cited in Paragraph 44 (a)-(e) above;

9. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

10. On all causes of action, for attorneys' fees and costs as provided by Labor Code § 218.5 and Code of Civil Procedure § 1021.5 and all other applicable statutes; and

11. For such other and further relief the Court may deem just and proper.

Dated: July 1, 2022

Respectfully submitted,
LIDMAN LAW, APC

By: /s/ Scott M. Lidman
Scott M. Lidman
Elizabeth Nguyen
Milan Moore
Attorneys for Plaintiff
JAMES MELLON

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: July 1, 2022

Respectfully submitted,
LIDMAN LAW, APC

By: /s/ Scott M. Lidman
Scott M. Lidman
Elizabeth Nguyen
Milan Moore
Attorneys for Plaintiff
JAMES MELLON